CHARLES GRIMES, Plaintiff in Error, *v.* WILLIAM WILLIAMS, Defendant in Error.

### ERROR TO CLAY.

A party who avails himself of a fraudulent representation to enhance the value of a claim upon the public land owned by him, cannot, after a sale made under such circumstances, recover the fruits of his fraud.

THIS cause was heard before HARLAN, Judge, in the Clay Circuit Court, at September term, 1853.

C. H. CONSTABLE for Plaintiff in Error.

R. S. NELSON and A. KITCHELL for Defendant in Error.

SCATES, J. Williams recovered judgment against Grimes in the circuit court, for twenty-nine dollars and fifty cents, as a balance due for an improvement on the public land sold by defendant to plaintiff.

Before the sale the parties went upon the land, when defendant showed plaintiff, who appears not to have been a resident of that neighborhood at the time, a stake, which he represented as being in the centre of an eighty-acre tract of public land, and also an improvement which he represented to be upon the tract, consisting of a field of about eighteen acres, fenced and broke, a pole stable, without roof, an ordinary cabin, without doors or windows, and a well, walled up. He further represented that about an acre and a half or two acres of the field was upon the land of a Mr. Bryant, lying adjoining on the west. From this examination, and upon these representations, Grimes agreed to give Williams fifty dollars for the corn growing on the field, and two hundred dollars for the improvement, if Williams would take money belonging to Grimes and go to the land office and purchase the land for him of the government. To this Williams assented. Grimes paid him for the corn, one hundred and one dollars and fifty cents on the improvement, and gave him the money to purchase the land of the United States. This Williams did soon after, and after that hauled the rails off that part of the improvement lying off this eighty, on it. The proof further shows that about fifteen acres of this improvement was on Bryant's land, and that Grimes only got about three acres, including the house, stable and well.

The adjoining land of Bryant was purchased by him sometime before this sale of the improvement. He states that as he returned home from purchasing this land, he met Williams, who

stated to him that his (Bryant's) land, would take half to three-fourths of the improvement.   This is not reconcileable with good faith and fair dealing with Grimes.

Having this knowledge of the lines, and that more than three-fourths of the improvement lay upon the land of another, it was his duty to disclose the fact to Grimes, who was seeking for improved public land.   He has availed himself of a fraudulent representation to enhance the value of what he did own, by fixing a price upon it which included the value of fifteen acres of Bryant's land.   The finding and judgment of the court we think erroneous, because of this fraud, and would, without it, be erroneous on the proof, showing a failure of the consideration.

The highest estimate fixed by the witnesses upon that part of the improvement which Grimes got, was one hundred dollars, and varying down to seventy-five.

But at the highest sum, it is shown to have been overpaid, and the judgment cannot be sustained on this, if it were the only ground of defense.

*Judgment reversed.*